**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DIXON HEALTHCARE & REHABILITATION CENTER, LLC**, an Illinois Limited Liability Company; et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 13 C 1233 |
| **NORTHBROOK BANK & TRUST COMPANY**, an Illinois banking company; et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM**

Following today's status hearing in this action, this Court -- with the able assistance of Docketing Supervisor Pam Geringer in the Clerk's Office -- learned the reason for the tangled web that had been spun by plaintiffs' counsel in connection with the March 5, 2013 order that had been entered by Bankruptcy Judge Jacqueline Cox. It turned out that even though counsel had properly filed a notice of appeal ("Notice") from that order in the Bankruptcy Court, he never made that Notice the subject of a filed appeal in this District Court -- instead he simply (and wrongly) attached a copy of the Notice to his motion in this case seeking a stay of the Bankruptcy Court order.

To cure that defect this Court has directed the Clerk's Office to initiate a case in this District Court (with counsel for appellants of course obligated to pay the filing fee on their behalf) by filing the Notice electronically, so that the appeal (like any other civil action) will be

assigned at random to one of the judges of this District Court. No view is expressed here as to the appropriate handling of the appeal, a matter for determination by the assigned judge.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: March 15, 2013

---

[1] Another indication of the confusion under which plaintiffs' counsel has been laboring is provided by this statement in his March 14 Reply in purported support of his misguided motion seeking that this Court stay the Bankruptcy Court's March 5 order:

> Obviously, this Court either stays the bankruptcy court order, which directs the dismissal of this action, or it dismisses this action - there are no other options.

That assertion operates on the false premise that the Bankruptcy Court somehow ordered this Court to dismiss this action, while of course the actual Bankruptcy Court order was one directing plaintiff Morris Healthcare & Rehabilitation Center, LLC to do so.